FILED  COPY

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
TERRENCE P. MANN (Cal. State Bar No. 211377)
Assistant United States Attorney
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2438
    Facsimile: (213) 894-3713
    E-mail: terrence.mann@usdoj.gov

2011 AUG 29  PM 3: 54

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>          v.<br><br>BRADFORD ALLEN MITCHELL,<br><br>              Defendant. | ) CR No. 11-77-GAF<br>)<br>) PLEA AGREEMENT FOR DEFENDANT<br>) BRADFORD ALLEN MITCHELL<br>)<br>)<br>)<br>)<br>)<br>) |

     1.    This constitutes the plea agreement between BRADFORD

ALLEN MITCHELL ("defendant") and the United States Attorney's

Office for the Central District of California ("the USAO") in the

above-captioned case.  This agreement is limited to the USAO and

cannot bind any other federal, state, local, or foreign

prosecuting, enforcement, administrative, or regulatory

authorities.

///

## RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 24 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.   Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 27 and 28 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## DEFENDANT'S OBLIGATIONS

3.   Defendant agrees to:

a)   Give up the right to indictment by a grand jury and venue, and -- at the earliest opportunity requested by the USAO and provided by the Court -- appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit "A" or a substantially similar form (hereinafter, the "Information").

1    b)   Not contest facts agreed to in this agreement.

2    c)   Abide by all agreements regarding sentencing
3  factors contained in this agreement.

4    d)   Appear for all court appearances, surrender as
5  ordered for service of sentence, obey all conditions of any bond,
6  and obey any other ongoing court order in this matter.

7    e)   Not commit any crime; however, offenses that would
8  be excluded for sentencing purposes under United States
9  Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")
10 § 4A1.2(c) are not within the scope of this agreement.

11   f)   Be truthful at all times with Pretrial Services,
12 the United States Probation Office, and the Court.

13   g)   Pay the applicable special assessment at or before
14 the time of sentencing unless defendant lacks the ability to pay
15 and submits a completed financial statement (form OBD-500) to the
16 USAO prior to sentencing.

17   h)   Recommend that defendant be sentenced to a term of
18 imprisonment of five years (60 months), with no argument for a
19 sentencing adjustment pursuant to U.S.S.G. § 5G1.3 for time
20 served by defendant in California state custody, following his
21 conviction in the Superior Court for the State of California,
22 County of San Luis Obispo, case no. F000441413, on or about
23 February 3, 2010.

24   i)   At the time of sentencing, recommend the
25 imposition of a 20-year (240-month) term of supervised release.

26   j)   Recommend the imposition of the following
27 conditions of supervised release:

28 ///

3

1          (1)   The defendant shall use only those computers

2 and computer-related devices, screen user names, passwords, email

3 accounts, and internet service providers ("ISPs"), as approved by

4 the Probation Officer.   Computers and computer-related devices

5 include, but are not limited to, personal computers, personal

6 data assistants ("PDAs"), internet appliances, electronic games,

7 and cellular telephones, as well as their peripheral equipment,

8 that can access, or can be modified to access, the internet,

9 electronic bulletin boards, and other computers, or similar

10 media.

11          (2)   All computers, computer-related devices, and

12 their peripheral equipment, used by the defendant, shall be

13 subject to search and seizure and the installation of search

14 and/or monitoring software and/or hardware, including unannounced

15 seizure for the purpose of search.   The defendant shall not add,

16 remove, upgrade, update, reinstall, repair, or otherwise modify

17 the hardware or software on the computers, computer-related

18 devices, or their peripheral equipment, nor shall he hide or

19 encrypt files or data without prior approval of the Probation

20 Officer.  Further, the defendant shall provide all billing

21 records, including telephone, cable, internet, satellite, and the

22 like, as requested by the Probation Officer; Notwithstanding this

23 condition, the Probation Officer, in the Probation Officer's

24 discretion, may give defendant written permission to use third-

25 party computers for job-related activities and agree that these

26 computers are not subject to the search conditions.

27          (3)   The defendant shall register with the state

28 sex offender agency in any state where the defendant resides, is

1  employed, carries on a vocation, or is a student, as directed by

2  the Probation Officer.  The defendant shall provide proof of

3  registration to the Probation Officer within 72 hours of release

4  from imprisonment/placement on probation or supervised release.

5          (4)   The defendant shall participate in a

6  psychological counseling and/or psychiatric treatment and/or a

7  sex offender treatment program, as approved and directed by the

8  Probation Officer.  The defendant shall abide by all rules,

9  requirements, and conditions of such program, including

10  submission to risk assessment evaluations and physiological

11  testing; physiological testing shall not include plethysmograph

12  testing without further order of the Court.  Placement in

13  inpatient treatment shall require notice to defense counsel and

14  the advance approval of the Court.  The Probation Officer shall

15  disclose the presentence report and/or any previous mental health

16  evaluations or reports to the treatment provider.

17          (5)   As directed by the Probation Officer, the

18  defendant shall pay all or part of the costs of treating the

19  defendant's psychological/psychiatric disorder(s) to the

20  aftercare contractor during the period of community supervision,

21  pursuant to Title 18, United States Code, Section 3672, unless

22  the Probation Office determines that defendant has demonstrated

23  an inability to pay.  The defendant shall provide payment and

24  proof of payment, as directed by the Probation Officer.

25          (6)   The defendant shall not possess any

26  materials, including pictures, photographs, books, writings,

27  drawings, videos, or video games, depicting and/or describing

28  "sexually explicit conduct," as defined by Title 18, United

5

1   States Code, Section 2256(2).  The condition prohibiting

2   defendant from possessing materials describing "sexually explicit

3   conduct" does not apply to materials necessary to and used for

4   legal proceedings in this or another criminal prosecution against

5   defendant, including a collateral attack or appeal, or to

6   materials prepared or used for the purposes of defendant's court-

7   mandated sex offender treatment.

8           (7)   The defendant shall not possess any

9   materials, including pictures, photographs, books, writings,

10  drawings, videos, or video games, depicting and/or describing

11  child pornography, as defined in Title 18, United States Code,

12  Section 2256(8).  The condition prohibiting defendant from

13  possessing materials describing child pornography does not apply

14  to materials necessary to and used for legal proceedings in this

15  or another criminal prosecution against defendant, including a

16  collateral attack or appeal, or to materials prepared or used for

17  the purposes of defendant's court-mandated sex offender

18  treatment.

19          (8)   The defendant shall not own, use or have

20  access to the services of any commercial mail-receiving agency,

21  nor shall he/she open or maintain a post office box, without the

22  prior approval of the Probation Officer.

23          (9)   The defendant shall not frequent, or loiter,

24  within 100 feet of school yards, parks, public swimming pools,

25  playgrounds, youth centers, video arcade facilities, or other

26  places primarily used by persons under the age of 18.

27          (10)   The defendant shall not associate or have

28  verbal, written, telephonic, or electronic communication with any

1  person under the age of 18, except: (a) in the presence of the
2  parent or legal guardian of said minor; and (b) on the condition
3  that the defendant notify said parent or legal guardian of his
4  conviction in the instant offense/prior offense.  This provision
5  does not encompass persons under the age of 18, such as waiters,
6  cashiers, ticket vendors, etc., with whom the defendant must deal
7  with in order to obtain ordinary and usual commercial services,
8  or family members whose identities defendant provides to the
9  Probation Officer and who are pre-approved by the Probation
10 Officer.

11          (11)  The defendant shall not affiliate with, own,
12 control, volunteer and/or be employed in any capacity by a
13 business and/or organization that causes him/her to regularly
14 contact persons under the age of 18.

15          (12)  The defendant shall not affiliate with, own,
16 control, and/or be employed in any capacity by a business whose
17 principal product is the production and/or selling of materials
18 depicting and/or describing "sexually explicit conduct," as
19 defined at Title 18, United States Code, Section 2256(2).

20          (13)  The defendant's employment shall be approved
21 by the Probation Officer, and any change in employment must be
22 pre-approved by the Probation Officer.  The defendant shall
23 submit the name and address of the proposed employer to the
24 Probation Officer at least 10 days prior to any scheduled change.

25          (14)  The defendant shall not reside within 500
26 feet of school yards, parks, public swimming pools, playgrounds,
27 youth centers, video arcade facilities, or other places primarily
28 used by persons under the age of 18.  The defendant's residence

7

1    shall be approved by the Probation Officer, and any change in

2    residence must be pre-approved by the Probation Officer.  The

3    defendant shall submit the address of the proposed residence to

4    the Probation Officer at least 10 days prior to any scheduled

5    move.

6              (15)  The defendant shall not associate with, have

7    any verbal, written, telephonic, or electronic communication

8    with, or otherwise have any contact whatsoever with Victim (who

9    is described in the factual basis of this agreement at paragraph

10   13 below).

11                        THE USAO'S OBLIGATIONS

12        4.   The USAO agrees to:

13             a)   Not contest facts agreed to in this agreement.

14             b)   Abide by all agreements regarding sentencing

15   factors contained in this agreement.

16             c)   At the time of sentencing, move to dismiss the

17   underlying indictment against defendant.  Defendant agrees,

18   however, that at the time of sentencing the Court may consider

19   the dismissed, underlying indictment in determining the

20   applicable Sentencing Guidelines range, the propriety and extent

21   of any departure from that range, and the sentence to be imposed

22   after consideration of the Sentencing Guidelines and all other

23   relevant factors under 18 U.S.C. § 3553(a).

24             d)   Except for criminal tax violations (including

25   conspiracy to commit such violations chargeable under 18 U.S.C.

26   § 371), not further criminally prosecute defendant for violations

27   of 18 U.S.C. §§ 2251, 2252, 2252A, or 2422(b) arising out of

28   defendant's conduct described in the agreed-to factual basis set

8

1  forth in paragraph 13 below.  Defendant understands that the USAO

2  is free to criminally prosecute defendant for any other unlawful

3  past conduct or any unlawful conduct that occurs after the date

4  of this agreement.  Defendant agrees that at the time of

5  sentencing the Court may consider the uncharged conduct in

6  determining the applicable Sentencing Guidelines range, the

7  propriety and extent of any departure from that range, and the

8  sentence to be imposed after consideration of the Sentencing

9  Guidelines and all other relevant factors under 18 U.S.C.

10  § 3553(a).

11           e)    At the time of sentencing, provided that defendant

12  demonstrates an acceptance of responsibility for the offense up

13  to and including the time of sentencing, recommend a two-level

14  reduction in the applicable Sentencing Guidelines offense level,

15  pursuant to U.S.S.G. § 3E1.1, and, if necessary, move for an

16  additional one-level reduction if available under that section.

17           f)    Recommend that defendant be sentenced to a term of

18  imprisonment of five years (60 months), followed by a 20-year

19  (240-month) period of supervised release.

20                      <u>NATURE OF THE OFFENSE</u>

21     5.   Defendant understands that for defendant to be guilty

22  of the crime charged in the Information (violation of Title 18,

23  United States Code, Section 2252A(a)(2)), the following must be

24  true:

25           a)    Defendant knowingly received matters that

26                 defendant knew contained visual depictions of a

27      .          minor engaged in sexually explicit conduct;

28  ///

    b)    Defendant knew each visual depiction contained in the matters showed a minor engaged in sexually explicit conduct;

    c)    Defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

    d)    Each visual depiction had been either (i) mailed, shipped, or transported in interstate or foreign commerce, or (ii) produced using material that had been mailed, shipped, or transported in interstate or foreign commerce, including by computer.

Defendant admits that defendant is, in fact, guilty of this offense as described in the Information.

<u>PENALTIES AND RESTITUTION</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2) is: 20 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252A(a)(2) is a term of five years imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

8.    Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required

1  to make full restitution as determined by the Court to the victim

2  of the offense.  Defendant agrees that, in return for the USAO's

3  compliance with its obligations under this agreement, the amount

4  of restitution is not restricted to the amounts alleged in the

5  Information to which defendant is pleading guilty and may include

6  losses arising from all relevant conduct in connection with the

7  Information.

8      9.   Defendant understands that supervised release is a

9  period of time following imprisonment during which defendant will

10 be subject to various restrictions and requirements.  Defendant

11 understands that if defendant violates one or more of the

12 conditions of any supervised release imposed, defendant may be

13 returned to prison for all or part of the term of supervised

14 release authorized by statute for the offense that resulted in

15 the term of supervised release, which could result in defendant

16 serving a total term of imprisonment greater than the statutory

17 maximum stated above.

18     10.  Defendant understands that, by pleading guilty,

19 defendant may be giving up valuable government benefits and

20 valuable civic rights, such as the right to vote, the right to

21 possess a firearm, the right to hold office, and the right to

22 serve on a jury.  Defendant understands that once the court

23 accepts defendant's guilty plea, it will be a federal felony for

24 defendant to possess a firearm or ammunition.  Defendant

25 understands that the conviction in this case may also subject

26 defendant to various other collateral consequences, including but

27 not limited to revocation of probation, parole, or supervised

28 release in another case and suspension or revocation of a

1  professional license.   Defendant understands that unanticipated
2  collateral consequences will not serve as grounds to withdraw
3  defendant's guilty plea.

4     11.  Defendant understands that as a condition of supervised
5  release, under Title 18, United States Code, Section 3583(d),
6  defendant will be required to register as a sex offender.
7  Defendant understands that independent of supervised release, he
8  will be subject to federal and state registration requirements,
9  for a possible maximum term of registration up to and including
10  life.   Defendant further understands that, under Title 18, United
11  States Code, Section 4042(c), notice will be provided to certain
12  law enforcement agencies upon his release from confinement
13  following conviction.

14     12.  Defendant understands that, if defendant is not a
15  United States citizen, the felony conviction in this case may
16  subject defendant to removal, also known as deportation, which
17  may, under some circumstances, be mandatory.   The court cannot,
18  and defendant's attorney also may not be able to, advise
19  defendant fully regarding the immigration consequences of the
20  felony conviction in this case.   Defendant understands that by
21  entering a guilty plea defendant waives any claim that unexpected
22  immigration consequences may render defendant's guilty plea
23  invalid.

24             <u>FACTUAL BASIS</u>

25     13.  Defendant and the USAO agree to the statement of facts
26  provided below.   Defendant and the USAO agree that this statement
27  of facts is sufficient to support a plea of guilty to the charge
28  described in this agreement and to establish the Sentencing

1  Guidelines factors set forth in paragraph 15 below, but is not

2  meant to be a complete recitation of all facts relevant to the

3  underlying criminal conduct or all facts known to either party

4  that relate to that conduct.

5       At all times relevant, defendant lived in Michigan.  Between

6  approximately September 2009 and December 9, 2009, defendant

7  engaged in a sexual relationship with a 16-year old girl who

8  lived in the Central District of California ("Victim").

9  Defendant met Victim on the Internet, then began communicating

10  with her via Internet chat and also over the telephone.  At some

11  point between September 2009 and December 9, 2009, defendant

12  requested that Victim take sexually explicit images of herself

13  and send the pictures to him via the Internet.  Victim complied

14  with defendant's request, taking pictures of herself nude and

15  displaying her genitals.  She then sent the images from her home

16  in the Central District of California to defendant, in Michigan,

17  via the Internet.  In total, Victim sent defendant over 20 nude

18  or sexually explicit images of herself, approximately eight of

19  which defendant agrees constitute child pornography.  On or about

20  December 7, 2009, defendant traveled from Michigan to California

21  to meet Victim in person.  Defendant and Victim were together for

22  approximately two days, and during that time they had sex.  On

23  December 9, 2009, Defendant was arrested, and on February 3,

24  2010, defendant sustained convictions in the Superior Court for

25  the State of California, County of San Luis Obispo, case no.

26  F000441413, for: sexual intercourse with a minor, in violation of

27  California Penal Code § 261.5(c); oral copulation with a minor,

28  in violation of California Penal Code § 288A(b)(1); and arranging

1  contacting a minor with intent to commit a sexual offense, in

2  violation of California Penal Code § 288.3(a)(1).

3      On December 10, 2009, defendant's home in Michigan was

4  searched by law enforcement, and the sexually explicit images of

5  16-year-old Victim were found on his computer.  Defendant admits

6  that at the time he received the child pornography images from

7  Victim, he knew that they were visual depictions of a minor

8  engaged in sexually explicit conduct.  In addition, defendant

9  knew that the production of such visual depictions involved the

10  use of a minor in sexually explicit conduct.  Finally, defendant

11  agrees that he received the images from the Central District of

12  California via the Internet, a means and facility of interstate

13  and foreign commerce, and that they were produced using material

14  that had been mailed, shipped, or transported in interstate or

15  foreign commerce -- that is, a computer.

16              SENTENCING FACTORS AND AGREED-UPON SENTENCE

17      14.  Defendant understands that in determining defendant's

18  sentence the Court is required to consider the factors set forth

19  in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence

20  and sentencing range established under the Sentencing Guidelines.

21  Defendant understands that the Sentencing Guidelines are advisory

22  only, that defendant cannot have any expectation of receiving a

23  sentence within the Sentencing Guidelines range, and that after

24  considering the Sentencing Guidelines and the other § 3553(a)

25  factors, the Court will be free to exercise its discretion to

26  impose any sentence it finds appropriate up to the maximum set by

27  statute for the crime of conviction.

28  ///

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level   :     22     U.S.S.G. § 2G2.2(a)(2)

Use of computer      :     +2     U.S.S.G. § 2G2.2(b)(6)

Acceptance of        :     -3     U.S.S.G. § 3E1.1
Responsibility

---

Total Offense Level :     21

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.   For example, the USAO reserves the right to argue for a 5-level upward adjustment pursuant to U.S.S.G. § 2G2.2(b)(5) for pattern of sexual abuse of a minor.   The parties agree, however, that defendant received and possessed less than 10 images of child pornography and that he did not possess sexually explicit images of any minor other than Victim (described in paragraph 13 above).

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Notwithstanding the advisory sentencing range established by the Sentencing Guidelines, defendant and the USAO agree that, pursuant to the factors set forth in 18 U.S.C. §§ 3553(a)(1)-(a)(7), the appropriate sentence in this case is: five years (60 months) imprisonment, followed by a 20-year (240-month) period of supervised release -- which will include the conditions of supervised release set forth in paragraph 2 above. Defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that a sentence other than five years incarceration followed by a 20-year period of

15

1  supervised release be imposed, or that any prior imprisonment

2  (other than credits that the Bureau of Prisons may allow under 18

3  U.S.C. § 3585(b)) be credited against this stipulated sentence,

4  including without limitation any sentencing reduction under

5  U.S.S.G. § 5G1.3.

6                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

7      18.   Defendant understands that by pleading guilty,

8  defendant gives up the following rights:

9          a)   The right to persist in a plea of not guilty.

10         b)   The right to a speedy and public trial by jury.

11         c)   The right to the assistance of an attorney at

12  trial, including the right to have the Court appoint an attorney

13  to represent defendant at trial.  Defendant understands, however,

14  that, despite defendant's guilty plea, defendant retains the

15  right to be represented by an attorney -- and, if necessary, to

16  have the Court appoint an attorney if defendant cannot afford one

17  -- at every other stage of the proceeding.

18         d)   The right to be presumed innocent and to have the

19  burden of proof placed on the government to prove defendant

20  guilty beyond a reasonable doubt.

21         e)   The right to confront and cross-examine witnesses

22  against defendant.

23         f)   The right to testify on defendant's own behalf and

24  present evidence in opposition to the charges, including calling

25  witnesses and subpoenaing those witnesses to testify.

26         g)   The right not to be compelled to testify, and, if

27  defendant chose not to testify or present evidence, to have that

28  choice not be used against defendant.

                                16

1         h)   Any and all rights to pursue any affirmative

2    defenses, Fourth Amendment or Fifth Amendment claims, and other

3    pretrial motions that have been filed or could be filed.

4    <u>WAIVER OF VENUE</u>

5        19.   Having been fully advised by defendant's attorney

6    regarding the requirements of venue with respect to the offense

7    to which defendant is pleading guilty, to the extent the offense

8    to which defendant is pleading guilty were committed, begun, or

9    completed outside the Central District of California, defendant

10   knowingly, voluntarily, and intelligently waives, relinquishes,

11   and gives up: (a) any right that defendant might have to be

12   prosecuted only in the district where the offense to which

13   defendant is pleading guilty was committed, begun, or completed;

14   and (b) any defense, claim, or argument defendant could raise or

15   assert based upon lack of venue with respect to the offense to

16   which defendant is pleading guilty.

17   <u>WAIVER OF RETURN OF DIGITAL DATA</u>

18       20.   Understanding that the government has in its possession

19   digital devices and/or digital media seized from defendant,

20   defendant waives any right to the return of digital data

21   contained on those digital devices and/or digital media and

22   agrees that if any of these digital devices and/or digital media

23   are returned to defendant, the government may delete all digital

24   data from those digital devices and/or digital media before they

25   are returned to defendant.

26   <u>WAIVER OF APPEAL OF CONVICTION</u>

27       21.   Defendant understands that, with the exception of an

28   appeal based on a claim that defendant's guilty plea was

1  involuntary, by pleading guilty defendant is waiving and giving

2  up any right to appeal defendant's conviction on the offense to

3  which defendant is pleading guilty.

4  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

5  22.  Defendant agrees that, provided the Court imposes the

6  sentence specified in paragraph 17 above, defendant gives up the

7  right to appeal any portion of that sentence, with the exception

8  that defendant reserves the right to appeal the amount of

9  restitution ordered.

10  23.  The USAO agrees that, provided the Court imposes the

11  sentence specified in paragraph 17 above, the USAO gives up its

12  right to appeal any portion of that sentence, with the exception

13  that the USAO reserves the right to appeal the amount of

14  restitution ordered.

15  <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

16  24.  Defendant agrees that if, after entering a guilty plea

17  pursuant to this agreement, defendant seeks to withdraw and

18  succeeds in withdrawing defendant's guilty plea on any basis

19  other than a claim and finding that entry into this plea

20  agreement was involuntary, then the USAO will be relieved of all

21  of its obligations under this agreement.

22  <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

23  25.  Defendant agrees that if the count of conviction is

24  vacated, reversed, or set aside, both the USAO and defendant will

25  be released from all their obligations under this agreement.

26  ///

27  ///

28  ///

## EFFECTIVE DATE OF AGREEMENT

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

28.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

///

1         a)    Defendant agrees that any applicable statute of

2   limitations is tolled between the date of defendant's signing of

3   this agreement and the filing commencing any such action.

4         b)    Defendant waives and gives up all defenses based

5   on the statute of limitations, any claim of pre-indictment delay,

6   or any speedy trial claim with respect to any such action, except

7   to the extent that such defenses existed as of the date of

8   defendant's signing this agreement.

9         c)    Defendant agrees that: (i) any statements made by

10  defendant, under oath, at the guilty plea hearing (if such a

11  hearing occurred prior to the breach); (ii) the agreed to factual

12  basis statement in this agreement; and (iii) any evidence derived

13  from such statements, shall be admissible against defendant in

14  any such action against defendant, and defendant waives and gives

15  up any claim under the United States Constitution, any statute,

16  Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

17  Federal Rules of Criminal Procedure, or any other federal rule,

18  that the statements or any evidence derived from the statements

19  should be suppressed or are inadmissible.

20               COURT AND PROBATION OFFICE NOT PARTIES

21     29.  Defendant understands that the Court and the United

22  States Probation Office are not parties to this agreement and

23  need not accept any of the USAO's sentencing recommendations or

24  the parties' agreements to facts, sentencing factors, or

25  sentencing.  Defendant understands that the Court will determine

26  the facts, sentencing factors, and other considerations relevant

27  to sentencing and will decide for itself whether to accept and

28  agree to be bound by this agreement.

1    30.  Defendant understands that both defendant and the USAO

2   are free to: (a) supplement the facts by supplying relevant

3   information to the United States Probation Office and the Court,

4   (b) correct any and all factual misstatements relating to the

5   Court's Sentencing Guidelines calculations, and (c) argue on

6   appeal and collateral review that the Court's Sentencing

7   Guidelines calculations are not error, although each party agrees

8   to maintain its view that the calculations in paragraph 15 are

9   consistent with the facts of this case.  While this paragraph

10   permits both the USAO and defendant to submit full and complete

11   factual information to the United States Probation Office and the

12   Court, even if that factual information may be viewed as

13   inconsistent with the facts agreed to in this agreement, this

14   paragraph does not affect defendant's and the USAO's obligations

15   not to contest the facts agreed to in this agreement.

16                    NO ADDITIONAL AGREEMENTS

17    31.  Defendant understands that, except as set forth herein,

18   there are no promises, understandings, or agreements between the

19   USAO and defendant or defendant's attorney, and that no

20   additional promise, understanding, or agreement may be entered

21   into unless in a writing signed by all parties or on the record

22   in court.

23       PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24    32.  The parties agree that this agreement will be

25   considered part of the record of defendant's guilty plea hearing

26   ///

27   ///

28   ///

21

1  as if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
   ANDRÉ BIROTTE JR.
6  United States Attorney

7

8  _____          _8/29/11_____
   TERRENCE P. MANN                         Date
9  Assistant United States Attorney
   Violent and Organized Crime Section
10

11

12 _____          _8·30~11_____
   BRADFORD ALLEN MITCHELL                  Date
13 Defendant

14

15 _____          _P-30-11_____
16 JEFFREY J. ROSANSWANK                    Date
   Attorney for Defendant
17 BRADFORD ALLEN MITCHELL

18

19

20

21

22

23

24

25

26

27

28

                                22

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____
BRADFORD ALLEN MITCHELL                 Date    8-30-11
Defendant

23

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am BRADFORD ALLEN MITCHELL's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          8-30-11
JEFFREY W. ROSANSWANK                     Date
Attorney for Defendant
BRADFORD ALLEN MITCHELL

24

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 11-77(A)-GAF |
| Plaintiff, | ) | F I R S T |
| | ) | S U P E R S E D I N G |
| v. | ) | I N F O R M A T I O N |
| | ) | |
| BRADFORD ALLEN MITCHELL, | ) | [18 U.S.C. §§ 2252A(a)(2), |
| | ) | (b)(1): Receipt of Child |
| Defendant. | ) | Pornography] |
| | ) | |
| | ) | |
| | ) | |

The United States Attorney charges:

[18 U.S.C. §§ 2252A(a)(2), (b)(1)]

Beginning on a date unknown and continuing to on or about December 7, 2009, in San Luis Obispo County, within the Central District of California, in Berrien County, within the Western District of Michigan, and elsewhere, defendant BRADFORD ALLEN MITCHELL knowingly received at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce

TM: VOCS

## EXHIBIT A

1  and in and affecting interstate and foreign commerce by any

2  means, including by computer, knowing that the images were child

3  pornography.

4

5                          ANDRÉ BIROTTE JR.
                           United States Attorney
6

7

8                          ROBERT E. DUGDALE
                           Assistant United States Attorney
9                          Chief, Criminal Division

10

11
                           ELIZABETH R. YANG
12                         Assistant United States Attorney
                           Chief, Violent & Organized Crime Section
13

14

15                         JOEY L. BLANCH
                           Assistant United States Attorney
16                         Deputy Chief, Violent & Organized Crime
                           Section
17

18

19                         TERRENCE P. MANN
                           Assistant United States Attorney
20                         Violent & Organized Crime Section

21

22

23

24

25

26

27

28

                                    2